Ball, Judge
took time to consider; and after two or three days, directed the costs to be paid by the complainant. He said there had been a careless delay on the part of the complainant; and the defendant had a right to ascertain, by putting the complainant to prove whether there had been such a contract, and whether it had been executed on the side of complainant 5 he had *362 therefore done nothing amiss, and should not be compelled to pay the costs.
Shtere if there Was any necessity for putting him to such proof When the defendant, as was proved by the depositions, both knew of the contract and its execution. The decision has some semblance of support from the circumstance of his being a devisee ; but I do not know that as to the payment of costs a devisee is ás much favoured as an heir-. And even as to heirs the reason why they shall not pay costs in England is because a wrong is there thought to be done them if the estate is separated from him who has a title, or is to support‘the honor of the family7. Amb. 163. It is a gratitude and duty due to the crown to leave an estate to go with the title. It is a dishonor to the crown and the public not to do so. This reason governed in 1 P. W. 481. I make a doubt whether any such reason ought to prevail in this country under our present form of government. I do not however contest the propriety of the decision, it is conformable to British precedents. 3 Bro. Ch. C. 214. Amb. 163. 2 P. W. 285. 3 P. W. 371. 1 V. jun, 205. But I confess there is something -in the reason of these cases which doesmot exactly correspond with the ideas which arise from the nature of our government, and from our present habits and modes of thinking. I cannot perceive whyan heir should be more-compassionated than the next of kin, whose expectations are defeated by some secret convevance of the deceased,-or by his wili. I mean viewing him as an heir in this country.